# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00574-DOC-KES | Date: September 12, 2025 |

Title: Roberto Medero et al. v. Norada Capital Management et al.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [52] AND DENYING DEFENDANTS' MOTION TO AMEND NOTICE OF REMOVAL [57]**

Before the Court are Plaintiffs Roberto Medero and Triage Capital Management's Motion to Remand ("Mot. Remand") (Dkt. 52) and Defendants Norada Capital Management, Norada Fund Management, Norada Equity, Inc., Norada Capital Ecommerce Fund I, Norada Capital Crypto Fund I, Norada Theatrical Productions, Norada Real Estate Funding, Norada Capital Real Estate Fund I, Marco Santarelli, Michael Johnson, Ronald Fossum, Jr., and Does 1 through 100's Motion to Amend Notice of Removal ("Mot. Amend") (Dkt. 57) . The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After considering the moving papers and the arguments made therein, the Court **GRANTS** Plaintiffs' Motion and **DENIES** Defendants' Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00574-DOC-KES      Date: September 12, 2025

Page 2

## I. BACKGROUND

### A. Facts

This is a securities action. The following facts are taken from Plaintiffs' First Amended Complaint ("FAC") (Dkt. 37). Plaintiffs allege nine causes of action against Defendants Norada Capital Management ("Norada Capital"), Norada Fund Management, Norada Equity, Inc., Norada Capital Ecommerce Fund I, Norada Capital Crypto Fund I, Norada Theatrical Productions, Norada Real Estate Funding, Norada Capital Real Estate Fund I, Marco Santarelli, Michael Johnson, Ronald Fossum, Jr., and Does 1 through 100 (collectively "Defendants"). *See generally* FAC.

In February 2023, Defendants began soliciting Plaintiffs for an investment through misleading marketing materials that promised high interest returns and omitted key risks. *Id*. ¶¶ 30-31. These marketing materials included fabricated statements on the profitability and stability of the investments and fund portfolio, while omitting Defendant Fossum's prior conviction for misappropriation of funds and permanent bar by the SEC from acting as a broker or investment advisor. *Id*. ¶¶ 24-25, 35-36. Further, Defendants never provided Plaintiffs with a Private Placement Memorandum, a "fundamental investment documentation" used for risk disclosure. *Id*. ¶ 39.

On October 17, 2023, Plaintiffs invested $200,000 into a promissory note ("Note") issued by Defendant Norada Capital. *Id*. ¶ 30. Defendants made payments on the Note from November 1, 2023, through May 1, 2024. *Id*. ¶ 40. On June 20, 2024, Defendant Santarelli emailed Plaintiffs to notify them that Defendant Norada Capital unilaterally suspended distribution payments on all promissory notes. *Id*. Plaintiffs allege that attempts to convert the Note to equity were unauthorized, unvalued, and unsupported by a financial disclosure. *Id*. ¶ 47. Plaintiffs allege that they were unaware of Defendants' misrepresentations and omissions and justifiably relied on Defendants to believe the investment was secure and compliant. *Id*. ¶¶ 45-46.

Plaintiffs bring the following claims against Defendants: (1) Unqualified Sale of Securities in Violation of Cal. Corp. Code § 25503; (2) Misleading Statements in Violation of Cal. Corp. Code § 25501; (3) Sale by Unlicensed Broker-Dealer in Violation of Cal. Corp. Code § 25501.5; (4) Negligent Misrepresentation; (5) Breach of Fiduciary Duty; (6) Aiding and Abetting Under Cal. Corp Code §§ 25504, 25504.1; (7) Fraud; (8) Fraudulent Business Acts in Violation of Cal. Bus. & Prof. Code § 17200, et seq.; and (9) Set Aside Fraudulent Transfer of Assets. *Id*. ¶¶ 51-121.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00574-DOC-KES            Date: September 12, 2025
Page 3

### B. Procedural History

On December 18, 2024, Plaintiffs filed the Complaint against Defendants in Orange County Superior Court. Notice of Removal ("NOR") (Dkt. 1). The Complaint alleged eleven causes of action, including violations of the Securities and Exchange Act. *See generally* Complaint ("Compl.") (Dkt. 1-10). By February 24, 2025, the Summons and Complaint were served to each of the Defendants, excluding Defendants Johnson and Fossum who were served separately. Not. at 3. On March 24, 2025, Defendants removed the action to this Court asserting federal question jurisdiction and supplemental jurisdiction. *Id.* at 2.

On June 11, 2025, Plaintiffs filed a First Amended Complaint ("FAC") (Dkt. 37). The FAC removed Plaintiffs' two federal claims originally pled in the Complaint. *See generally* FAC. On July 9, 2025, Plaintiffs filed a Motion to Remand ("Remand Mot.") (Dkt. 52). Defendants filed their Opposition to Plaintiffs' Motion on August 15, 2025 ("Remand Opp.") (Dkt. 58). Plaintiffs filed a Reply ("Remand Reply") on September 2, 2025 (Dkt. 67).

On August 15, 2025, Defendants filed a Motion to Amend Notice of Removal ("Amend. Mot.") (Dkt. 57). Plaintiffs filed their Opposition to Defendants' Motion on August 25, 2025 ("Amend. Opp.") (Dkt. 59). Defendants filed a Reply ("Amend. Reply") on September 1, 2025 (Dkt. 64).

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00574-DOC-KES            Date: September 12, 2025
           Page 4

jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense ..., even if the defense is anticipated in the plaintiff's complaint ...." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. DISCUSSION

The Court will first assess the merits of Plaintiffs' Motion to Remand. Then the Court will turn to Defendants Motion to Amend and determine whether that will alter the calculus in terms of whether this case should be remanded.

#### A. Motion to Remand

Usually, federal question jurisdiction is invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). However, there is a "special" and "small" category of cases in which federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. *See id.* A state-law claim "arises under" federal law only if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00574-DOC-KES　　　　　　　　　　　　　　　　　　Date: September 12, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

　　　　Here, Plaintiffs' initial complaint pled two federal causes of action under the Securities Exchange Act. Compl. ¶¶ 36-46. Defendants' Notice of Removal provided only one basis for federal question jurisdiction: the presence of federal causes of action under the Securities Exchange Act. NOR ¶¶ 1-4. However, after Defendants removed this case, Plaintiffs filed a First Amended Complaint as a matter of right removing these two federal causes of actions and leaving nine causes of action under California statutory and common law. *See* FAC at 1-2 n.1. Thus, the basis for removal under the Notice of Removal is no longer effective under the First Amended Complaint.

　　　　"If the complaint does not already disclose a sufficient factual basis for jurisdiction, such facts must appear in the notice of removal." *Kanter v. Warner-Lambert Co.*, 52 F. Supp. 2d 1126, 1129 (N.D. Cal. 1999). In addition, the Supreme Court recently ruled that when a plaintiff amends the complaint after removal to eliminate any federal law claims that originally permitted removal, a court loses jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). "With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Id*. Therefore, the Court does not have discretion to exercise supplemental jurisdiction over the remaining state claims here and declines supplemental jurisdiction.

　　　　Here, the First Amended complaint "does not already disclose a sufficient factual basis for jurisdiction," *see Kanter*, 52 F. Supp. 2d at 112, and Plaintiffs "amend[ed] the complaint after removal to eliminate any federal law claims that originally permitted removal," *see Royal Canin*, 604 U.S. at 30. Thus, the Court no longer retains jurisdiction over the action and must remand the case, unless Defendants' Motion to Amend the Notice of Removal renders this calculus otherwise.

　　　　**A.　Motion to Amend**

　　　　Defendants generally have 30 days after service to remove a case and state the grounds for removal. 28 U.S.C. § 1446(a)-(b). After these 30 days, a notice of removal "cannot be amended to add a separate basis for removal jurisdiction." *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988). "However, a defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction.'" *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting 28 U.S.C. § 1653); *see also* 16 Moore's Federal Practice § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00574-DOC-KES					Date: September 12, 2025
									Page 6

  Here, Defendants' original Notice of Removal provided only one basis for federal question jurisdiction: Plaintiffs' two federal causes of action under the under the Securities Exchange Act. NOR ¶¶ 1-4. Now, Defendants seek to file an amended Notice of Removal which provides a different basis for federal question jurisdiction: that the litigation of Plaintiffs' California causes of action will call for a determination of whether the investments at issue qualify for an exemption under federal securities laws. Proposed Amended NOR ("Prop. NOR") (Dkt. 57-3). This is an entirely different basis for federal question jurisdiction than the one put forth in the original Notice of Removal and thus amendment will not be permitted.

  Defendants' citation to *Good v. Google LLC* is inapposite. No. 22-CV-05622-JSC, 2022 WL 17436482 (N.D. Cal. Dec. 6, 2022). In *Good*, the court stated that "[a] defendant may amend its notice of removal to correct defective jurisdictional allegations—such as the failure to specify a party's citizenship—so long as the basis for removal (e.g., diversity jurisdiction) remains the same as in the original notice of removal." *Id.* at *4. The *Good* court's reasoning is in line with this Court. There is only one basis for diversity jurisdiction: that there is complete diversity and the amount in controversy threshold has been met. In contrast, there are multiple bases under which federal question jurisdiction may attach. Here, Defendants seek to change the basis of removal from the pleading of a federal cause of action to the application the limited *Grable* exception for Plaintiffs' state law claims. Defendants' complete pivot of basis—or theory—is not contemplated under 28 U.S.C. § 1653, and the Court will not permit such amendment. *Good* contemplates the curing of "defective jurisdictional allegations"—such as perhaps a reference to wrong statute or missing element in an already-pled theory. 2022 WL 17436482 at *4. The complete pivot Defendants seek to effect here is not permitted.

  The Court also declines to consider Defendants' new federal question arguments on the basis that they were raised in the remand briefing. *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) (declining to consider new arguments raised in motion to remand briefing).

  In any case, the Court also concludes that Defendants' proposed amendment would be futile. As detailed above, the First Amended Complaint does not include any remaining federal claims. Thus, the only way the Court will have jurisdiction over the remaining claims is under the "special" and "small" category of cases that fall under the limited *Grable* exception. 545 U.S. at 312, 314.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00574-DOC-KES | Date: September 12, 2025 |
| | Page 7 |

Here, Plaintiffs' claims arise under state, not federal, law. Nevertheless, Defendants argue that "several of Plaintiffs' state-law claims necessarily depend on resolution of a federal question – whether Defendants are entitled to an exemption under the federal securities laws pursuant to [SEC Rule 506 of SEC] Regulation D." Amend. Mot. at 5; Prop. NOR ¶ 7. Defendants contend that this issue applies to Plaintiffs' first, second, fourth, sixth, and seventh causes of action, but focus their efforts on the first cause of action because they contend that is the best example. Amend. Mot. at 6-7; Remand Opp. at 5, 14. The Court disagrees.

The critical issue here is whether a potential application of the National Securities Markets Improvement Act ("NSMIA") of 1996 to some of Plaintiffs' claims provides for federal question jurisdiction. *See* 15 U.S.C.S. § 77r. The NSMIA prohibits states from requiring the registration or qualification of a "covered security," if, among other things, that security is exempt from registration under Regulation D. *See id.* Thus, if the securities are exempt under Regulation D, the NSMIA applies and preempts California state law. *See Consol. Mgmt. Grp., LLC v. Dep't of Corps.*, 162 Cal. App. 4th 598, 606 (2008).

However, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis added). Here, the Court concludes that the securities at issue must "actually qualify for a valid federal securities registration exemption in order to enjoy NSMIA preemption." *Consol. Mgmt. Grp*, 162 Cal. App. 4th at 608 (quoting *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 910 (6th Cir. 2007)). Thus, Defendants bear the burden of establishing that the securities at issue are exempt in order for NSMIA preemption to apply.

This renders the NSMIA preemption argument an affirmative defense. *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024) ("The burden is always on the party advancing an affirmative defense to establish its validity." (cleaned up)). This also lines up with caselaw specifically addressing NSMIA preemption. *Consol. Mgmt. Grp.*, 162 Cal. App. 4th at 607-09; *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 251-52 (2007). To say otherwise would essentially allow any state securities defendant to remove their case to federal court by waving their hands and claiming that NSMIA preemption applies. This would effectively strip state courts of any jurisdiction over securities cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00574-DOC-KES　　　　　　　　　　　　　　　　　　　Date: September 12, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

In addition, the fact that Plaintiffs' eighth claim for a violation of California's Unfair Competition Law can proceed on alternative theories, one of which references federal law and others that do not, is of no consequence. *See Lippitt v. Raymond James Fin. Servs., Inc.,* 340 F.3d 1033, 1043 (9th Cir. 2003); *Nevada v. Bank of America Corp.*, 672 F.3d 661, 6775 (9th Cir. 2012).

Finally, it does not matter that the First Amended Complaint references federal regulations in its allegations. *See, e.g.*, FAC ¶¶ 25, 58. Mere references to federal law do not transform state-law claims into federal law claims. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674-675 (9th Cir. 2012).

## IV.　DISPOSITION

For the reasons set forth above, the Court hereby **REMANDS** this case to the Orange County Superior Court. All pending motions and proceedings are hereby VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kdu
CIVIL-GEN